**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
GREGORY M. ROYAL,                   :
                                    : Civil Action No. 07-5234 (RMB)
            Petitioner,             :
                                    :
       v.                           :        **O P I N I O N**
                                    :
KAREN BALICKI, et al.,              :
                                    :
            Respondents.            :
_____

**APPEARANCES:**

Gregory M. Royal, Pro Se          Laurie A. Corson, Esq.
#71325                             Camden County Pros. Office
South Woods State Prison           25 North 5th Street
215 Burlington Road S.             Camden, NJ 08102
Bridgeton, NJ 08302                Attorney for Respondents

**BUMB**, District Judge

   This matter comes before the Court upon pro se petitioner, Gregory Royal's motion for reconsideration of this Court's January 20, 2009 Opinion and Order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner filed his motion for reconsideration on or about February 2, 2009. The State opposed Petitioner's motion with a letter response dated May 26, 2009.

   This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated

below, the motion will be denied, and the Clerk will be directed to close the file.

## BACKGROUND

On or about October 26, 2007, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his criminal conviction. Petitioner asserted 29 claims for relief, which are outlined in the Opinion (docket entry 23). The State responded to the petition, arguing that petitioner's claims were either without substantive merit or that petitioner failed to state a cognizable federal constitutional violation.

In an Opinion and Order filed on January 20, 2009, this Court reviewed all submissions, including the state court record concerning Petitioner's trial and appeals, and found no merit to Petitioner's claims for relief. The Court need not reiterate its findings as they are set forth at length in the January 20, 2009 Opinion.

Shortly after this Court issued its Opinion and Order denying the habeas petition in this matter, Petitioner filed a motion for reconsideration. Petitioner argues that his motion should be granted because the state court ignored documented factual evidence and this Court should have held an evidentiary hearing to allow Petitioner to further develop the facts (Ground One), because the ineffective counsel claims should have been

granted, since trial counsel refused to use his last peremptory challenge, and did not object (Ground Two), because Petitioner was not read his <u>Miranda</u> rights prior to his third and fourth statements (Ground Three), because the state court administered an incorrect jury charge and counsel did not object (Ground Four), because the state manipulated witness testimony (Ground Seven), because of redactions made in the record that Petitioner's attorney consented to but Petitioner did not consent to (Ground Eight), and because this Court gave the presumption of correctness to the state court (Ground Twenty-Seven).

The State responded to Petitioner's motion for reconsideration, filing a letter stating that they will rely on their Answer to the petition.

## **ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  <u>See</u> <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp.2d 339, 345 (D.N.J. 1999). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court for matters "which [it] believes the Court has overlooked" when it ruled on the motion.  <u>See</u> L. Civ. R. 7.1(i); <u>see</u> <u>also</u> <u>NL Indus., Inc. v. Commercial Union Ins.</u>, 935

F. Supp. 513, 515 (D.N.J. 1996).[1]  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F. Supp.2d 610, 612; see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

    Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the

---

[1] Local Civil Rule 7.1(i) was formerly Local Rule 12(1) and Local Rule 7.1(g).

record to include matters not originally before the court. See Bowers, 130 F. Supp.2d at 613. Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Oct. 6, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F. Supp.2d at 612; see also NL Industries, Inc., 935 F. Supp. at 513 ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

Here, this Court has carefully reviewed Petitioner's motion for reconsideration, and finds that the arguments presented by Petitioner are nothing more than another attempt to re-litigate the very same facts and legal issues previously raised by Petitioner in his habeas petition.  These issues were thoroughly examined and considered by this Court in a lengthy Opinion that discussed each claim in turn.

Specifically, Petitioner does not point to any "new" or "overlooked" factual or legal issue that may alter the disposition of the matter, as required in a motion for reconsideration.  He simply disagrees with this Court's decision, and reiterates the same facts and legal arguments raised before in another effort to have this Court change its mind.

Therefore, this Court finds that Petitioner fails to present any new facts or evidence, or even "overlooked" facts or legal issues, to satisfy the threshold for granting reconsideration.  He simply repeats the very same facts and legal arguments that this Court already had determined to be meritless in denying habeas relief, and nothing Petitioner asserts would alter this Court's disposition on the issues raised in the petition.

Further, Petitioner has not presented the Court with changes in controlling law, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice in this instance.  Accordingly, Petitioner's only

recourse, if he disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

## **CONCLUSION**

Therefore, for the reasons expressed above, Petitioner's motion for reconsideration is denied for lack of merit. An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: July 1, 2009